# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:23-cv-00023-MR

| | | |
|---|---|---|
| SHAWN LOUIS GOODMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY DARRYL MOOSE, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se

Amended Complaint [Doc. 10]. The Plaintiff is proceeding in forma pauperis.

[Doc. 6].

## I.    BACKGROUND

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C.

§ 1983 addressing his transfer from the Harnett Correctional Institution to the

Mountain View Correctional Institution (MVCI), and incidents that allegedly

occurred at the MVCI where he still resides. The Complaint was dismissed

on initial review, and the Plaintiff was provided the opportunity to amend.[1]

---

[1] The claims against the Defendants in their official capacities for damages were
dismissed with prejudice, and the remaining claims were dismissed without prejudice.

[Doc. 9].  The Amended Complaint is now before the Court for initial review [Doc. 10].

The Plaintiff again names as Defendants in their official and individual capacities: Larry Williamson, the western regional director of NCDAC; Mike Slagle, the warden of MVCI; Kella Jones Phillips, a correctional captain at MVCI; and John Garland and David Hoilman, correctional officers at MVCI. He appears to assert claims for the use of excessive force and failure to intervene, denial of access to the courts, supervisory liability, and North Carolina assault and battery. He seeks a declaratory judgment, injunctive relief,[2] compensatory and punitive damages, a jury trial, costs, any additional relief that the Court deems suitable.  [Id. at 21].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous,

---

[2] Insofar as the Plaintiff again requests preliminary injunctive relief, this is denied for the reasons discussed on the Order on initial review of the Complaint.  [See Doc. 9 at 16].

malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

### A.    Excessive Force and Failure to Intervene

The Plaintiff claims that Defendant Garland stomped his torso and that Defendants Hoilman and Phillips failed to intervene.  [Doc. 10 at 15-16, 19-20; see Doc. 9 at 7 (setting forth the excessive force standard)]; see also Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002) (the Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act...coupled with a duty to act.").

3

Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, the Plaintiff's Eighth Amendment claims against Defendants Garland, Hoilman, and Phillips are not clearly frivolous.

Because the excessive force claims have passed initial review, the Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims at this time. [Doc. 10 at 20]; see generally 28 U.S.C. § 1367.

## B.    Denial of Access to the Courts

The Plaintiff again claims that Defendant Phillips forced him to destroy excess legal materials, "causing a potentially meritorious claim to fail." [Doc. 10 at 18-19].  These vague and conclusory allegations are insufficient to state a plausible actual injury.  [See Doc. 9 at 10-11]; Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).  Accordingly, the Plaintiff's claim for denial of access to the courts is again dismissed.

4

## C.    Supervisory Liability

The Plaintiff claims that he and his spouse complained to Defendants Slagle and Williamson about the incidents addressed in the Amended Complaint, but that Defendants Slagle and Williamson failed to take "disciplinary or other action to curb the known pattern of physical abuse of inmates and the abuse suffered by Plaintiff by Defendants Garland and Holman…." [Doc. 10 at 19-20]. He alleges that this constituted deliberate indifference to the Plaintiff's safety and contributed to and proximately caused the violation of his Eighth and Fourteenth Amendment rights. [Id. at 20].

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4ᵗʰ Cir. 1977) (citation omitted).  As such, the doctrine of respondeat superior does not apply in actions brought under § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional

5

injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff's vague and conclusory claims about "known abuses" and communications that he and his wife had with Defendants Slagle and Williamson after the incidents at issue fail to state a plausible claim for supervisory liability. See King v. Riley, No. 22-6410, 2023 WL 4982353, at *7 (4th Cir. Aug. 4, 2023) ("a supervisor's 'mere knowledge' that his subordinates are engaging in unconstitutional conduct is not enough;" "a complaint must contain specific allegations of each individual's conduct and state of mind") (quoting Iqbal, 556 U.S. at 677). Accordingly, the Plaintiff's claims against Defendants Slagle and Williamson are dismissed.

### D. Miscellaneous Claims

The Plaintiff again alleges that he was forced to throw away property [Doc. 10 at 18]; that the Defendants violated prison policy [id. at 15]; and that his grievances were destroyed [id. at 19]. These claims fail for the reasons discussed on initial review of the Complaint and they are again dismissed for the same reasons. [See Doc. 9 at 4-5, 11-12].

## IV. CONCLUSION

In sum, the Plaintiff's excessive force/failure to intervene claims pass initial review against Defendants Garland, Hoilman, and Phillips, and the

6

Court exercises supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims against them. The remaining claims are dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 10] passes initial review against Defendants Garland, Hoilman, and Phillips for the use of excessive force and failure to intervene, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims against them.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants **David Hoilman, John Garland, and Kella Jones Phillips**, who are alleged to be a current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge