IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00023-MR

| | |
|---|---|
| SHAWN LOUIS GOODMAN, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TIMOTHY DARRYL MOOSE, et al., | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendants' Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Amended Complaint [Doc. 20] and the Defendants' Motion to Deem Defendants' Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Amended Compliant as Timely Filed [Doc. 21].

The pro se incarcerated Plaintiff brought this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Harnett and Mountain View Correctional Institutions. [Doc. 1]. The Amended Complaint passed initial review against Defendants John Garland, David Hoilman, and Kella Phillips for the use of excessive force and failure to intervene, and the Court exercised supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims against them. [Docs. 10,

12]. The Defendants waived service, and they were required to answer the Amended Complaint by December 26, 2023. [Doc. 18]. No answer was filed and, on January 10, 2014, the Court ordered the Plaintiff to take further action to prosecute the case within 14 days.[1] [Doc. 19].

The Defendants now seek an extension of time until January 30, 2024 to answer or otherwise respond to the Amended Complaint so that counsel may investigate the claims and factual allegations, and prepare a responsive pleading for the Defendants. [Doc. 20]. The Defendants additionally ask the Court to deem the Motion seeking an extension as timely filed. [Doc. 21]. Counsel explains that the attorney who was previously assigned to the case was hospitalized at the time the answer was due, and that present counsel was not aware of the deadline because of the office's ongoing understaffing, and because of counsel's supervisory duties and heavy caseload. [Id.].

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial

---

[1] Although the Plaintiff's deadline to take further action has not yet expired, the Court finds that the circumstances of the case warrant consideration of the Defendants' Motions at this time in the interest of preventing further delay in this matter.

proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

The Defendants' Motion for Enlargement of time is deemed timely due to excusable neglect, and the Defendants will be granted an extension of time to answer or otherwise respond to the Amended Complaint for good cause shown.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion [Doc. 21] is **GRANTED**, and the Defendants' Motion for Enlargement of Time [Doc. 20] shall be deemed as having been timely filed.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Enlargement of Time [Doc. 20] is **GRANTED**, and the Defendants shall have until January 30, 2024 to answer or otherwise respond to the Plaintiff's Amended Complaint [Doc. 10].

**IT IS SO ORDERED**.

Signed: January 22, 2024

Martin Reidinger
Chief United States District Judge